IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASH FERDOWSI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARIF AHMED, et al.,<br><br>    Defendants. | Case No. 24-cv-07065-MMC<br><br>**ORDER DENYING FEDERAL DEPOSIT INSURANCE CORPORATION'S ADMINISTRATIVE MOTION STAYING ARBITRATION PROCEEDINGS** |

Before the Court is the Federal Deposit Insurance Corporation's ("FDIC") Administrative Motion, filed October 22, 2024, "for Order Staying FINRA Arbitration Due to Removal to Federal Court."  Plaintiffs have filed opposition thereto.  Having read and considered the papers filed in support of and in opposition to the Administrative Motion, the Court rules as follows.

On July 30, 2024, plaintiffs instituted arbitration proceedings before the Financial Industry Regulatory Authority ("FINRA"), wherein plaintiffs have asserted claims against Arif Ahmed, J.P. Morgan Private Wealth Advisors LLC, and J.P. Morgan Securities LLC. On October 9, 2024, the FDIC filed a "Notice of Removal," in which it states it has removed said arbitration proceedings.  Thereafter, in a letter dated October 15, 2024, a Senior Case Administrator with FINRA, in apparent response to a request by a party to the arbitration proceedings, stated that FINRA "does not currently have any basis to stay the arbitration proceedings or to adjourn existing deadlines" and, "[a]bsent a court order staying the arbitration proceeding or an agreement among the parties to stay the arbitration, FINRA . . . intends to move forward with administrating the arbitration pursuant to the Code of Arbitration Procedure." (See Humphreys Decl. Ex. 1.)

In support of the instant Administrative Motion, the FDIC contends that, by reason of its having removed the arbitration proceedings, said proceedings, contrary to the position of FINRA, presently are pending before this Court, and, consequently, that the Court should order that those proceedings be stayed. In short, the requested relief is solely based on a theory that the arbitration proceedings have been removed.

The authority the FDIC cites to support the propriety of its Notice of Removal, however, is inapplicable; in particular, the statute on which the FDIC relies provides only that "the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." See 12 U.S.C. § 1819(b)(2)(B) (emphasis added). As the arbitration proceedings instituted by plaintiffs cannot be said to be an "action, suit, or proceeding" in a "State court," see id., the Notice of Removal is, in effect, a nullity.

Accordingly, there being no showing that the arbitration proceedings instituted by plaintiffs can be or have been removed, and the FDIC not having argued it is entitled to a stay for any reason other than its purported removal of the arbitration proceedings, the Administrative Motion is hereby DENIED.[1]

**IT IS SO ORDERED.**

Dated: November 1, 2024

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of this finding, the Court does not address herein plaintiffs' additional arguments that the FDIC has not been substituted as a party in the arbitration proceeding and that the instant motion seeks relief not properly sought by way of an administrative motion.